

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,219-01

### EX PARTE MICHAEL ANTHONY GARCIA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 5028-A IN THE 31ST DISTRICT COURT
### FROM WHEELER COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a prohibited weapon and sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary because counsel misadvised him about his parole eligibility. He also contends that his plea agreement called for no deadly weapon finding, and that aspect of the agreement has not been followed. Applicant attached an affidavit from counsel in support of his application. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012). In these circumstances, additional

facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall make specific findings as to whether the parties intended for this conviction to carry a deadly weapon finding. If so, the court shall make findings determining whether a deadly weapon was used to achieve the commission of a felony offense separate and distinct from mere possession. *Ex parte Petty*, 833 S.W.3d 145 (Tex. Crim. App. 1992); *Plummer v. State*, 410 S.W.3d 855 (Tex. Crim. App. 2013). The trial court shall also make specific findings determining how counsel advised Applicant about the applicability of a deadly weapon finding in this case and, if counsel misadvised Applicant, whether Applicant would have insisted on a jury trial but for that mis-advice. Finally, the court shall make findings addressing Applicant's claim that inclusion of the deadly weapon in the judgment breaches the agreement he had with the State. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 2, 2019
Do not publish